| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| JULIANNE POLITO,<br><br>        Plaintiff,<br><br>– against –<br><br>THE CITY OF NEW YORK, et al.,<br><br>        defendants. | **MEMORANDUM & ORDER**<br><br>15-CV-2301 (ERK) (RML) |

KORMAN, *J.*:

  Julianne Polito alleges that New York City officials unlawfully pressured her private employer, a city contractor, to fire her from her position as an Early Intervention Provider. *See generally* Second Am. Compl., ECF No. 55. On December 21, 2017, I granted in part defendants' motion to dismiss Polito's Second Amended Complaint for failure to state a claim. *See Polito v. City of New York*, No. 15-CV-2301 (ERK) (RML), 2017 WL 6542457 (E.D.N.Y. Dec. 21, 2017). I assume familiarity with the facts underlying that order, which held that Polito's claim for tortious interference with employment survives because she plausibly alleges that defendants used wrongful means to effect her termination. *Id.* at *3-4. Now, defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), again asserting that Polito fails to state a plausible claim for tortious interference.

  The standard applied to a Rule 12(c) motion is the same as a Rule 12(b)(6) motion, and all factual allegations in the Second Amended Complaint must still be taken as true. *Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013); *see also* Wright & Miller, 5C FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004). Applying that standard, I have already held that Polito plausibly alleges tortious interference. Defendants fail to provide a persuasive reason to revisit that decision.

1

Instead, defendants improperly use a motion for judgment on the pleadings to relitigate their motion to dismiss. Defendants' instant motion is premised primarily on a single letter from defendant Patricia Pate to the President of Hand-in-Hand ("HIH"), Polito's former employer. *See* Defs.' Br. at 5-6, ECF No. 108. That letter was annexed to Polito's Second Amended Complaint. *See* Second Am. Compl., Ex. C. Accordingly, defendants had a full and fair opportunity to make arguments based on the letter in their initial motion to dismiss. They did not then and may not now. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("'[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'") (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)); *cf. Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 333-34 (S.D.N.Y. 2018) (holding that a 12(c) motion cannot be used to litigate arguments not raised in a prior summary judgment motion).

Regardless, defendants' new motion fails on the merits. Defendants assert that "[n]othing in the Second Amended Complaint even suggests that [d]efendants used fraud or misrepresentation to effect [p]laintiff's termination." Defs.' Br. at 5. But neither fraud nor misrepresentation is required to establish that defendants used "wrongful means to effect [Polito's] termination." *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001); *see also Polito*, 2017 WL 6542457, at *4. For instance, Polito may demonstrate that defendants used threats to bring about her termination. *Albert*, 239 F.3d at 274; *see also Cohen v. Davis*, 926 F. Supp. 399, 403-04 (S.D.N.Y. 1996) (collecting cases). Indeed, she alleges that defendants "told Hand in Hand that if it continued to use Dr. Polito as an Early Intervention Provider, [defendants] would no longer refer cases to Hand in Hand." Second Am. Compl. ¶ 194; *see also id.* ¶¶ 58, 196. Taking these allegations as true, Polito has stated a claim for tortious interference.

Defendants also contend that the February 26, 2014, letter from Pate to the President of HIH demonstrates that defendants did not act improperly, because Pate stated that if HIH believed that "[DOHMH] would stop or reduce new referrals of cases to it if Hand-in-Hand continued using Dr. Polito's services[,] . . . such a belief . . . is unfounded." Second Am. Compl., Ex. C. Taking all allegations as true and drawing inferences in Polito's favor, this letter—which post-dates Polito's termination by at least 26 days, *see* Second Am. Compl. ¶¶ 54, 64, 68—does not establish that HIH had not previously been threatened. Finally, defendants claim they acted to address a parent complaint, and therefore did not act with malice. Defs.' Br. at 6. But proof of an improper motive is not required. "Under Second Circuit law, . . . it is enough to ask whether the defendants caused Polito's firing using 'wrongful means.'" *Polito*, 2017 WL 6542457, at *4 (quoting *Albert*, 239 F.3d at 274).

Although ultimately a jury may agree with defendants, Polito has stated a claim. Defendants' motion for judgment on the pleadings is denied. Nevertheless, the parties may wish to discuss settlement, as Polito may find it difficult to establish the full amount of damages sought or that the amount she actually deserves is significant.[1]

                                            **SO ORDERED.**

Brooklyn, New York                                       *Edward R. Korman*
January 22, 2019                                          Edward R. Korman
                                                                         United States District Judge

---

[1] Polito claims she is entitled to exemplary or punitive damages, which she asserts are triple her actual damages. Putting aside the fact that, usually, triple damages may only be recovered when authorized by statute, *see* 36 N.Y. Jur. 2d Damages § 189 (2018), New York law imposes a high burden on plaintiffs seeking punitive damages, *see, e.g.*, *Prozeralik v. Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479 (1993) ("Punitive damages are awarded in tort actions where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime.") (citations, quotation marks, and brackets omitted).